FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 JUL 22 PM 1:00

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '08 - CV - 01530-LTB-MJW

TARA BENDER, an individual,

      Plaintiff,

vs.

DOUGLAS COUNTY SHERIFF'S DEPARTMENT, DAVID WEAVER, individually and in his official capacity as Sheriff of Douglas County, Edward Roberson, individually and in his official capacity and Deputy Sheriff of Douglas County, JOHN DOES 1-20, whose name is currently unknown, individually and in their official capacities as Deputy Sheriffs of Douglas County, and JANE DOE, whose name is currently unknown, individually, and in her official capacity as an employee of the Douglas County Sheriff's Department.

      Defendants.

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Tara Bender ("Bender"), by and through her attorneys, Daniel S. Foster of Foster Graham Milstein Miller & Calisher, LLP, and William W. Frankfurt of Frankfurt & Trani, P.C., for her Complaint against the defendants, and each of them, states as follows:

PARTIES JURISDICTION AND VENUE

1.    Bender is a natural person and, at the times pertinent hereto, a resident of the State of Colorado.

2.    David Weaver is the Sheriff of Douglas County, Colorado, and responsible for the operation of the Douglas County Jail.

3. Edward Roberson ("Roberson") is an officer of the Douglas County Sheriff's Department, who at all times pertinent hereto was assigned to the Douglas County Jail, and a resident of the State of Colorado.

4. Upon information and belief, defendants John Does 1-20, whose identities or full names are unknown, but who are identified in part as Lt. Penry ("Penry"), Sgt. Bowers ("Bowers"), Sgt. Moffit ("Moffit"), Deputy McNulty ("McNulty"), Deputy Henderson ("Henderson"), Deputy Aguilar ("Aguilar") and Deputy Poole ("Poole") were at all times pertinent to this complaint, officers of the Douglas County Sheriff's department assigned to the Douglas County Jail.

5. Upon information and belief, defendant Jane Doe, whose name is unknown but who is partially identified as Nurse Red ("Red"), was, at all times pertinent to this complaint, a nurse employed by the Douglas County Sheriff's Department and assigned to the Douglas County Jail.

6. Defendant Douglas County, Colorado is a local governmental entity and the operator of the Douglas County Jail.

7. This action is brought under 42 U.S.C. §1983.

8. Bender seeks relief against all defendants herein both their individual and official capacities.

9. The Court has jurisdiction over this matter under 42 U.S.C. §1331 and/or 42 U.S.C. §1343(a)(3) because it involves claims under 42 U.S.C. §1983. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the State of Colorado.

## GENERAL ALLEGATIONS

10. On March 10, 2006 Bender was arrested in Arapahoe County Colorado for probation violation and misdemeanor assault. Bender was subsequently sentenced in Arapahoe District Court Case No. 2005CR2712 ("Case 2712") to twenty four months with credit for time served.

11. On April 13, 2006 Bender pled guilty to harassment in Douglas County Court Case No. 05M1867 ("Case 1867") and violating a restraining order in Douglas County Case No. 05M1934 ("Case 1934"). In Case 1867 Bender was sentenced to 18 months, to be served concurrently and congruently with Case 2712. In Case 1934 Bender was sentenced to 6 months consecutive to Case 1867, but also concurrent and congruent to Case 2712. Under the disposition of Case 1867 and Case 1934, Bender would finish her Douglas County sentences at the same time as her Arapahoe County sentence.

12. In September 2006 Bender was transferred to the Douglas County Jail to protect her from another inmate in the Arapahoe County Jail.

13. While being held in the Douglas County Jail, Bender was sexually harassed, and witnessed sexual harassment of other female prisoners by Douglas Deputy Sheriff Jeffrey Outlar ("Outlar").

14. Bender also witnessed the failure of defendant Roberson's and Douglas Deputy Sheriffs Hamsley and Estrada to prevent Outlar's sexual harassment and/or failure to report Outlar's improper conduct.

15. In late December of 2006 Bender reported Outlar to another deputy. Outlar was subsequently reported to his superiors. Bender cooperated in the investigation against Outlar, defendant Roberson, and Deputies Hamsley and Estrada. Outlar was

subsequently arrested and charged with sexual assault. Bender was interviewed by defendant Moffitt on the day of Outlar's arrest regarding the incident.

16. In January of 2007, Bender was returned to the custody of the Arapahoe Sheriff.

17. On July 26, 2007 Bender completed her sentences; however, the Arapahoe County Sheriff released her to Douglas County Sheriff because the Douglas County Sheriff had placed a hold on Bender for Case 1934.

18. On information and belief, an unknown officer or officers, herein denominated as John Doe 1, acting under color of state law, intentionally placed the hold against Bender in retaliation against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar, defendant Roberson and the other Douglas County Sheriff Deputies.

19. In the alternative, on information and belief, John Doe 1 should have known that Bender had completed her sentence, but placed the hold on Bender with deliberate indifference to the fact that she had completed her sentence.

20. Bender immediately informed defendant Moffitt, and other officers of the Douglas County Sheriff's Department whose names are unknown and who are identified herein as John Does, that her sentence in Case 1934 was complete. Bender produced the original mittimus for inspection. Notwithstanding that the mittimus showed that Bender's Douglas County sentences were concurrent and congruent with her Arapahoe sentence, the Douglas County Sheriff's office failed to release Bender.

21. On information and belief, defendant Moffitt, and the other officers, intentionally disregarded the mittimus or otherwise prevented the appropriate persons

from seeing the mittimus in retaliation against Bender for her participation in the reporting and investigation of Outlar and Roberson.

22. In the alternative, on information and belief, notwithstanding Bender's protests, defendant Moffitt, and the other officers, in their capacities as officers of the Douglas County Sheriff Department, made only cursory and inadequate attempts to verify Bender's sentence, or failed to verify Bender's sentence, and was otherwise deliberately indifferent to Bender's imprisonment past the expiration of her sentence.

23. In the alternative, on information and belief, David Weaver, as Sheriff of Douglas County, and/or Douglas County, through its responsible officials, with deliberate indifference, failed to establish adequate procedures for the investigation of claims of imprisonment past the expiration of a sentence, or did not adequately train Douglas County Sheriff personnel in the proper procedures, or allowed inadequate actual procedures to vary from the approved procedures.

24. While in the custody of the Douglas County Sheriff, Bender was subjected to harassment by Roberson and other officers and medical personnel of the Douglas County Sheriff's office, including but not limited to Penry, Bowers, Moffitt, McNulty, Henderson, Aguilar, Poole, Red and other persons whose names are unknown, herein denominated as John Does 2-20 and Jane Doe. Such harassment included (a) locking down Bender frequently and for long periods for no reason or for false reasons; (b) shaking down Bender's cell for no reason or for false reasons; (c) placing Bender in maximum security for no reason or for false reasons; (d) requiring Bender to work long hours without any days off; (e) withholding Bender's prescribed medications; (f) mocking and verbally abusing Bender in front of other prisoners; (g) refusing or ignoring

Bender's requests to speak with supervising officers; (h) falsely telling other prisoners that Bender was informing on them, then placing Bender in situation in which she was likely to be attacked; (i) citing Bender for rules violations for no reason or for false reasons; (j) disciplining Bender for no reason or for false reasons; (k) revoking Bender's privileges for no reason or for false reasons. On information and belief, this harassment was in retaliation against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar and other Douglas County Sheriff Deputies.

25. The actions of the defendants in harassing Bender were pursuant to a common plan for the purpose of retaliating against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar, defendant Roberson and the other Douglas County Sheriff Deputies.

26. The actions of the defendants were under color of state law.

27. As a direct and proximate result of the within incident and the actions and/or inactions of defendants, and each of them, Plaintiff was subjected to imprisonment beyond the expiration of her term and other punishment.

28. As a direct and proximate result of the within incident and the actions and/or inactions of defendants, and each of them, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

## FIRST CLAIM FOR RELIEF
(Violation of the Eighth Amendment and 42 U.S.C. §1983 for
Cruel and Unusual Punishment)

29. Plaintiff incorporates by reference paragraphs 1 through 28 above as if set forth in full.

30. On information and belief, defendant John Doe 1 knew that Bender's Douglas County sentences were concurrent and congruent to her Arapahoe County sentence.

31. On information and belief, notwithstanding such knowledge, defendant John Doe 1 intentionally placed a hold on Bender in Case 1934 in order to extend her punishment beyond her sentence.

32. In the alternative, defendant John Doe 1 placed the hold on Bender with regard to Case 1934 with deliberate indifference to the fact that the Douglas County sentences were concurrent and congruent to her Arapahoe County sentence.

33. At all times pertinent hereto, defendant John Doe 1 was acting under color of state law.

34. As a direct and proximate result of the within incident and the actions of defendant John Doe 1, Plaintiff was subjected to imprisonment beyond the expiration of her term and other punishment in violation of her right to be free from cruel and unusual punishment under the 8th Amendment of the United States Constitution.

35. As a direct and proximate result of the actions of defendant John Doe 1, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are

continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### SECOND CLAIM FOR RELIEF
(Violation of the Eighth and/or Fourteenth Amendments and 42 U.S.C. §1983 for Cruel and Unusual Punishment and/or Deprivation of Substantive Due Process)

36. Plaintiff incorporates by reference paragraphs 1 through 35 as if set forth in full.

37. Defendants Roberson and John Does 3-20, including but not limited to Penry, Bowers, Moffit, McNulty, Henderson, Aguilar, Poole, and each of them, had a duty to verify Bender's proper sentence and determine the merits of Bender's assertion that her sentence was complete, or to report Bender's assertions to the appropriate superior.

38. On information and belief, defendant Roberson and the other officers, with malice and deliberate intent shocking to the conscience, ignored, or with deliberate indifference, made only cursory and inadequate attempts to verify Bender's sentence and/or failed to report Bender's assertions to the appropriate superior.

39. At all times pertinent hereto, defendant Roberson and the other officers, were acting under color of state law.

40. As a direct and proximate result of the within incident and the actions of defendant Roberson and the other officers, Plaintiff was subjected to imprisonment beyond the expiration of her term and other punishment in violation of her right to be free from cruel and unusual punishment under the 8th Amendment of the Constitution of the

United States, and/or in violation of her substantive Due Process rights under the 14th Amendment of the Constitution of the United States.

41. As a direct and proximate result of the actions of defendant Roberson and the other officers, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### THIRD CLAIM FOR RELIEF
(Violation of the Eighth Amendment and 42 U.S.C. §1983 for Cruel and Unusual Punishment Based Upon Failure to Establish Proper Conduct, Policy, Custom, Practice and/or Inadequate Training)

42. Plaintiff incorporates by reference paragraphs 1 through 41 above as if set forth in full.

43. Upon information and belief, defendant David Weaver, as Sheriff of Douglas County, and/or John Doe 2, as an officer of the Douglas County Sheriff Department, and/or Douglas County acting through defendant Weaver and/or John Doe 2, is responsible for the promulgation and/or establishment of customs, policies, practices and/or official acts for hearing and determining the merit of inmate complaints related to completion of sentences, and for the training of Douglas County Sheriff Department personnel therein.

44. Upon information and belief, defendant David Weaver, as Sheriff of Douglas County, and/or John Doe 2, and/or Douglas County, failed to promulgate and/or establish clear and adequate customs, policies, practices and/or official acts for hearing

and determining the merit of inmate complaints related to completion of sentences, and/or adequately train Douglas County Sheriff Department personnel therein.

45. Defendant David Weaver and/or John Doe 2 knew or reasonably should have known that the failure to promulgate and/or establish clear and adequate customs, policies, practices and/or official acts for hearing and determining the merit of inmate complaints related to completion of sentences, and/or inadequate training of Douglas County Sheriff Department personnel therein, would eventually lead to the imprisonment of an inmate beyond the inmate's sentence.

46. Defendant David Weaver's and/or John Doe 2's failure to promulgate and/or establish clear and adequate customs, policies, practices and/or official acts for hearing and determining the merit of inmate complaints related to completion of sentences, and or failure to train Douglas County Sheriff Department personnel adequately therein, was with deliberate indifference to Bender's constitutional rights.

47. In failing to promulgate and/or establish clear and adequate customs, policies, practices and official acts, and/or adequately to train Douglas County Sheriff Department personnel, defendant David Weaver and/or John Doe 2 inflicted injury upon Plaintiff as described above.

48. At all times pertinent hereto, defendant David Weaver and/or John Doe 2 was acting under color of state law.

49. As a direct and proximate result of the actions of defendant David Weaver and/or John Doe 2, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of

which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### **FOURTH CLAIM FOR RELIEF**
(Violation of the Eighth Amendment and/or Fourteenth Amendment and 42 U.S.C. §1983 for Cruel and Unusual Punishment Based Upon Failure to Follow Conduct, Policy, Custom, and/or Practice)

50. Plaintiff incorporates by reference paragraphs 1 through 49 above as if set forth in full.

51. Upon information and belief, defendants Roberson and John Does 3-20, including but not limited to Penry, Bowers, Moffit, McNulty, Henderson, Aguilar, Poole, and other persons whose names are unknown, and each of them failed to follow proper customs, policies and/or practices, as established, for hearing and determining the merit of Bender's complaints related to completion of her sentence.

52. Defendants, and each of them, knew or reasonably should have known that the failure to follow properly established customs, policies and/or practices would cause Bender to be incarcerated beyond her sentence.

53. Defendants' failures to follow established customs, policies and practices with respect to Bender's claims she was being detained beyond the expiration of her sentence was with malicious intent to harm Bender and deprive her of her constitutional right that is shocking to the conscience, or with deliberate indifference to Bender's constitutional rights.

54. In failing to comply with such proper established customs, policies, practices and official acts, Defendants, and each of them, have inflicted injury upon Plaintiff as described above.

55. At all times pertinent hereto, defendants, and each of them, were acting under color of state law.

56. As a direct and proximate result of the actions of defendants, and each of them, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### FIFTH CLAIM FOR RELIEF
(Violation of the Eighth and Fourteenth Amendment and 42 U.S.C. §1983 for Cruel and Unusual Punishment and Deprivation of Substantive Due Process)

57. Plaintiff incorporates by reference paragraphs 1 through 56 as if set forth in full.

58. Defendants Roberson and John Does 3-20, including but not limited to Penry, Bowers, Moffitt, McNulty, Henderson, Aguilar, Poole, and other persons whose names are unknown, Jane Doe (Nurse Red), and each of them, engaged in a pattern of conduct to harass Bender while she was unlawfully in custody.

59. The harassment by defendants Roberson, John Does 3-20, Jane Doe (Nurse Red), and each of them, included: (a) locking down Bender frequently and for long periods for no reason or for false reasons; (b) shaking down Bender's cell for no reason or for false reasons; (c) placing Bender in maximum security for no reason or for false reasons; (d) requiring Bender to work long hours without any days off; (e) withholding Bender's prescribed medications; (f) mocking and verbally abusing Bender

in front of other prisoners; (g) refusing or ignoring Bender's requests to speak with supervising officers; (h) falsely telling other prisoners that Bender was informing on them, then placing Bender in situation in which she was likely to be attacked; (i) citing Bender for rules violations for no reason or for false reasons; (j) disciplining Bender for no reason or for false reasons; (k) revoking Bender's privileges for no reason or for false reasons.

60. Defendants Roberson, John Does 3-20, Jane Doe, and each of them, engaged in this pattern of conduct intentionally and in a manner shocking to the conscience, in retaliation against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar and other Douglas County Sheriff Deputies, and/or with deliberate indifference to Bender's rights under the 8th and 14th Amendments to the Constitution of the United States.

61. At all times relevant hereto, defendants Roberson, John Does 3-20, Jane Doe (Nurse Red), and each of them, were acting under color of state law.

62. As a direct and proximate result of the actions of defendants, Plaintiff has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

### SIXTH CLAIM FOR RELIEF
(Violation of First Amendment and 42 U.S.C. §1983 Claim for Retaliation against exercise of Free Speech Rights)

63. Plaintiffs incorporate paragraphs 1 through 62 above, as if set forth in full.

64. Defendants Roberson and John Does 1 to 20, including but not limited to Penry, Bowers, Moffit, McNulty, Henderson, Aguilar, Poole, and other persons whose names are unknown, and each of them, caused Bender to remain in incarceration beyond the expiration of her term in retaliation for reporting and cooperating in the investigation of wrongdoing by Outlar, Roberson and other Douglas County Sheriff Deputies.

65. Defendants Roberson and John Does 1 to 20, Jane Doe (Nurse Red), and each of them, in retaliation for reporting and cooperating in the investigation of wrongdoing by Outlar and other Douglas County Sheriff Deputies, punished Bender by: (a) locking down Bender frequently and for long periods for no reason or for false reasons; (b) shaking down Bender's cell for no reason or for false reasons; (c) placing Bender in maximum security for no reason or for false reasons; (d) requiring Bender to work long hours without any days off; (e) withholding Bender's prescribed medications; (f) mocking and verbally abusing Bender in front of other prisoners; (g) refusing or ignoring Bender's requests to speak with supervising officers; (h) falsely telling other prisoners that Bender was informing on them, then placing Bender in situation in which she was likely to be attacked; (i) citing Bender for rules violations for no reason or for false reasons; (j) disciplining Bender for no reason or for false reasons; (k) revoking Bender's privileges for no reason or for false reasons.

66. At all times relevant hereto, defendants, and each of them, were acting under color of state law.

67. The actions of defendants Roberson, John Does 1-20, Jane Doe (Nurse Red), and each of them, were intended to discourage Bender and other prisoners from reporting wrongdoing by Douglas County Sheriffs.

68.    The actions of defendants Roberson, John Does 1-20, Jane Doe (Nurse Red), and each of them, were sufficient to discourage a person of ordinary firmness from reporting wrongdoing by the Douglas County Sheriffs.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### SEVENTH CLAIM FOR RELIEF
(State law claim for Intentional Infliction of Emotional Distress)

69.    Plaintiffs incorporate paragraphs 1 through 68 above, as if set forth in full.

70.    Defendant John Doe 1 intentionally caused a hold to be placed on Bender in connection with Case 1934 for the purpose of retaliating against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar, Roberson, and other Douglas County Sheriff Deputies, and to inflict emotional distress upon Bender, and/or John Doe 1 knew or should have known that emotional distress would or was likely to result.

71.    Defendants Roberson, John Does 3 to 20, including but not limited to Penry, Bowers, Moffitt, McNulty, Deputy Henderson, Aguilar, Poole, and other persons whose names are unknown, and Jane Doe (Nurse Red) intentionally: (a) locked down Bender frequently and for long periods for no reason or for false reasons; (b) shook down Bender's cell for no reason or for false reasons; (c) placed Bender in maximum security for no reason or for false reasons; (d) required Bender to work long hours without any days off; (e) withheld Bender's prescribed medications; (f) mocked and verbally abused Bender in front of other prisoners; (g) refused or ignored Bender's requests to speak with supervising officers; (h) falsely told another prisoner that Bender was informing on her, then placed Bender in a situation in which Bender was likely to be attacked by the other prisoner; (i) cited Bender for rules violations for no reason or for false reasons; (j)

disciplined Bender for no reason or for false reasons; (k) revoked Bender's privileges for no reason or for false reasons.

72. Defendants Roberson, John Does 2 to 20, and Jane Doe (Nurse Red) took these actions for the purpose of retaliating against Bender for reporting and cooperating in the investigation of wrongdoing by Outlar, Roberson, and other Douglas County Sheriff Deputies, and to inflict emotional distress upon Bender, and/or they knew or should have known that emotional distress was likely to result.

73. The actions of defendants Roberson, John Does 2 to 20 and Jane Doe (Nurse Red) were extreme and outrageous, and beyond all possible bounds of decency so as to be utterly intolerable in a civilized community.

74. The actions of defendants Roberson, John Does 2 to 20 and Jane Doe (Nurse Red) caused extreme pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### EIGHTH CLAIM FOR RELIEF
(State law claim for False Imprisonment)

75. Plaintiffs incorporate paragraphs 1 through 74 above, as if set forth in full.

76. On information and belief, John Doe 2, knew that Bender's sentence in Case 1934 was completed on July 26, 2007.

77. On information and belief, notwithstanding such knowledge, John Doe 2, intentionally placed the hold against Bender for reporting and cooperating in the

investigation of wrongdoing by Outlar, Roberson, and other Douglas County Sheriff Deputies.

78. John Doe 2's placement of a hold against Bender constitutes false imprisonment.

79. As a result of the actions of defendant John Doe 2, Bender has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as set out at the end of this complaint.

### NINTH CLAIM FOR RELIEF
(State law claim for Conspiracy)

80. Plaintiffs incorporate paragraphs 1 through 79 above, as if set forth in full.

81. Defendants Roberson, John Does 1 to 20, including but not limited to Penry, Bowers, Moffitt, McNulty, Henderson, Aguilar, Poole, and other persons whose names are unknown, and Jane Doe (Nurse Red), and each of them, conspired to deprive Bender of her rights under the 8th Amendment to the United States Constitution by causing her to be held in jail after completion of her sentence and/or by harassing her while she was incarcerated in Douglas County.

82. Defendants Roberson, John Does 1 to 20 and Jane Doe, and each of them conspired to retaliate against Bender because of her exercise of her rights under the 1st Amendment to the United States Constitution in reporting and cooperating in the investigation of wrongdoing by Outlar, Roberson, and other Douglas County Sheriffs.

83. Defendants Roberson, John Does 1 to 20 and Jane Doe, and each of them, acted on this agreement by causing her to be held past the expiration of her sentence and/or by harassing her as described hereinabove.

84. At all times relevant hereto, defendants, and each of them, were acting under color of state law.

85. As a direct and proximate result of the actions of defendants, Plaintiff was deprived of her rights under the 1st and 8th Amendments of the United States Constitution, and has sustained, and will continue to sustain damages including but not limited to pain and suffering, post traumatic stress disorder, loss of enjoyment of life, emotional distress, shame, humiliation, anger, frustration, and embarrassment, all of which are continuing in nature. Plaintiff has incurred additional damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief and judgment on his claims as follows:

    i. Judgment to be entered in favor of Plaintiff, and against defendants, and each of them, for compensatory damages on both the federal and state claims in an amount to be determined at trial;

    ii. For attorney's fees and costs pursuant to 42 U.S.C. § 1988(b); and

    iii. For costs, interest, both pre judgment and post judgment, witness fees, expert witness fees, attorneys' fees, and such other and further relief as the court deems just and proper;

    iv. For punitive damages against the individual defendants as may be allowed by 42 U.S.C. § 1988 or by law.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 21st day of July 2006.

**Foster Graham Milstein Miller & Calisher, LLP**

By: *Randall M. C.*
Daniel S. Foster SBN 27282
Randall M. Chin SBN 31149
Attorney for Plaintiff
621 Seventeenth Street, Suite 1900
Denver, CO 80293
Telephone: (303) 333-9810

Frankfurt & Trani, P.C.


By:_____
William W. Frankfurt SBN 31074
Attorney for Plaintiff

<u>Plaintiff's Address</u>
TO BE PROVIDED UPON ORDER OF COURT