IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-01530-LTB-MJW

TARA BENDER,

    Plaintiff,

v.

DOUGLAS COUNTY SHERIFF'S DEPARTMENT;
DAVID WEAVER, individually and in his official capacity as Sheriff of Douglas County;
EDWARD ROBERSON, individually and in his official capacity as Deputy Sheriff of Douglas County;
JOHN DOES 1-20, whose names are currently unknown, individually and in their official capacities as Deputy Sheriffs of Douglas County; and
JANE DOE, whose names is currently unknown, individually and in her official capacity as an employee of the Douglas County Sheriff's Department;

    Defendants.

---

## ORDER
---

This case is before me on Defendants Douglas County Sheriff's Department, David Weaver, and Edward Roberson's Motion to Dismiss Complaint [Doc # 11]. After consideration of the motion, all related pleadings, and the case file, I grant the motion in part and deny it in part for the following reasons.

### I. Background

The following facts have been determined from state court records that the Court has taken judicial notice of and from the allegations in Plaintiff's Complaint.

On March 24, 2006, Plaintiff pled guilty to one count of assault in Arapahoe County District Court Case No. 05CR2712 and was sentenced to 2 years imprisonment with a credit for 143 days served. The mittimus issued by the Arapahoe County District Court states that "cases

in Littleton and Douglas County will be concurrent with this case."

On April 13, 2006, Plaintiff pled guilty to one count of harassment in Douglas County Court Case No. 05M1867 and was sentenced to 18 months imprisonment "concurrent with Arapahoe County Case 05CR2712." Under the heading of "Additional Requirements," the Douglas County Court mittimus states that Plaintiff was sentenced to "18 months jail concurrent and congruent with Arapahoe County Case 05CR2712." The Sentence Order in Douglas County Court Case No. 05M1867 states that Plaintiff was sentenced to "18 months jail concurrent with Arapahoe County Case 05CR2712."

Also on April 13, 2006, Plaintiff pled guilty to one count of violation of a restraining order in Douglas County Court Case No. 05M1934 and was sentenced to 6 months imprisonment "consecutive to 05M1867 but concurrent with Arapahoe County Case 05CR2712." Under the heading of "Additional Requirements," the Douglas County Court mittimus reflects that Plaintiff was sentenced to "6 months jail consecutive to 05M1867 and concurrent and congruent with 05CR2712." The Sentence Order in Douglas County Court Case No. 05M1934 states that Plaintiff was sentenced to "6 months jail consecutive to 05M1867 but concurrent with Arapahoe County Case 05CR2712."

Plaintiff began serving her sentences in the Arapahoe County Jail but was transferred to the Douglas County Jail in September of 2006. While in the Douglas County Jail, Plaintiff alleges that she was a victim of and witness to sexual harassment and that she reported and cooperated in an investigation regarding the same.

In January of 2007, Plaintiff was transferred back to the Arapahoe County Jail where she completed her sentence in Arapahoe County District Court Case No. 05CR2712 on July 26, 2007. At that time, the Arapahoe County Sheriff released Plaintiff to the Douglas County Sheriff pursuant to a hold placed on Plaintiff in connection with Douglas County Court Case No. 05M1934. Plaintiff remained incarcerated in the Douglas County Jail for some additional period of time during which Plaintiff alleges that she was subjected to additional harassment in retaliation for her previous report of harassment and cooperation with the corresponding investigation. Plaintiff further alleges that her second stint of incarceration in the Douglas County Jail was unlawful because she completed her sentence in Douglas County Court Case No. 05M1934 at the same time she completed her "concurrent and congruent" sentence in Arapahoe District Court Case No. 05CR2712.

Plaintiff's Complaint states claims against Defendants under Section 1983 for violation of her constitutional rights under the First, Eighth, and Fourteenth Amendments and state law claims for intentional infliction of emotional distress, false imprisonment, and conspiracy. Defendants argue that Plantiff's claims must be dismissed because (1) they are entitled to absolute and qualified immunity because they are not responsible for jail detention decisions; and (2) Defendants could not release Plaintiff from detention as a matter of law. Defendants also argue that Plaintiff has not pled the required elements of a claim for civil conspiracy.

## II. Standard of Review

### A. Rule 12(b)(1) Legal Standard

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be

3

determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In considering a motion to dismiss under Rule 12(b)(1), I have wide discretion to consider evidence outside the pleadings. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed. R. Civ. P. 56. *Id.*

**B. Rule 12(b)(6) Legal Standard**

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). Although a plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (quotations and citations omitted).

### III. Analysis

**A. Defendants' Immunity Defenses**

"[O]fficials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Turney v. O'Toole,* 898 F.2d 1470, 1472 (10th Cir. 1990). However, absolute immunity extends only to those acts prescribed by the order. *Id.* at 1474.

Plaintiff argues that her detention in the Douglas County Jail beyond her July 26, 2007 release from the Arapahoe County Jail was inconsistent with the Douglas County Court's sentencing orders and that Defendants are therefore not entitled to absolute immunity. Plaintiff's argument in this regard focuses primarily on the "Additional Requirements" sections of the mittimi issued by the Douglas County Court which state that Plaintiff's sentences in Douglas County Case Nos. 05M1867 and 05M1934 are "concurrent and congruent" with her sentence in Arapahoe County District Court Case No. 05CR2712. Plaintiff has also provided a transcript from the sentencing hearing which reflects the sentencing judge's statement that she would give Plaintiff "credit for time served pursuant to how much time you've been in Arapahoe."

The primary flaw in Plaintiff's argument is that it ignores other provisions of the mittimi and portions of the transcript from the sentencing hearing, as well as the Sentencing Orders entered in the Douglas County Court Cases, that make no reference to the supposed fact that Plaintiff's sentences in Arapahoe and Douglas Counties were to be "congruent," which Plaintiff argues means that they were to be completed simultaneously. Plaintiff's argument also ignores the fact that a judge of the Douglas County Court has already rejected Plaintiff's argument that the mittimi mandate the simultaneous completion of Plaintiff's sentences in Arapahoe County and Douglas County in denying Plaintiff's Motion for Forthwith Hearing on her Motion to Amend Mittimus or for Sentence Reconsideration. Although the Sentencing Orders and the order denying Plaintiff's motion may not have been available to Defendants at the time they ordered Plaintiff's detention in the Douglas County Jail beyond July 26, 2007, they nonetheless demonstrate that Defendants were acting consistently with orders of the Douglas County Court in doing so. Upon consideration of all of the relevant orders then, Plaintiff's argument that

Defendants are not entitled to absolute immunity because her detention in the Douglas County Jail after July 26, 2007 was inconsistent with the orders of the Douglas County Court must be rejected.

The conclusion that the mittimi of the Douglas County Court do not mandate the simultaneous completion of Plaintiff's sentences in Arapahoe and Douglas Counties is further supported by legal authority regarding credits for presentence confinement. First, pursuant to C.R.S. § 18-1.3-405, a judge seeking to give a defendant credit for presentence confinement shall, at the time of sentencing, make a finding as to the appropriate amount of credit and include such finding in the mitimus. Clearly, that was not done in either Douglas County Court Case No. 05M1867 or 05M1934. Furthermore, there is no indication that the crimes for which Plaintiff was sentenced in Douglas County were the cause of the confinement for which she was given credit on her sentence in Arapahoe County. Absent a "substantial nexus" between Plaintiff's charges in Douglas County and her presentence imprisonment in Arapahoe County, Plaintiff was not entitled to a credit for her presentence confinement on the Douglas County charges, *People v. Taylor,* 886 P.2d 302, 303 (Colo. App. 1994), and her sentences in Arapahoe and Douglas Counties could not be completed simultaneously.

Since both the orders of the Douglas County Court and the applicable legal authority support the conclusion that Defendants were acting pursuant to facially valid court orders in detaining Plaintiff at the Douglas County Jail after July 26, 2007, they are entitled to absolute immunity on Plaintiff's claims alleging that her detention in the Douglas County Jail after that date was unlawful because her sentences in Douglas County Court Case Nos. 05M1867 and 05M1934 had been completed. Consequently, I need not further address Defendants' alternative

arguments that they are also entitled to qualified immunity on these claims or that Defendants could not release Plaintiff on July 26, 2007 as a matter of law. I must, however, analyze each of Plaintiff's claims to determine if they are completely barred by Defendants' absolute immunity defense.

Plaintiff's First through Fourth Claims for Relief allege violations of her rights under the Eighth and Fourteenth Amendments by the actions of Defendants and other unnamed parties in placing a hold on Plaintiff in order to extend her punishment beyond her sentences; failing to investigate or report Plaintiff's claims that her Douglas County sentences had been completed; failing to establish or enforce adequate procedures for the investigation of claims of sentence completion; and failing to follow established policies for the investigation of such claims. Plaintiff's Eighth Claim for Relief asserts a state law claim for false imprisonment based on Plaintiff's incarceration after July 26, 2007. Each of these claims is predicated on Plaintiff's allegation that her detention in the Douglas County Jail after July 26, 2007 was unlawful because her sentences in Douglas County Court Case Nos. 05M1867 and 05M1934 had been completed. The Court therefore lacks subject matter jurisdiction over these claims as a result of Defendants' absolute immunity defense, and they are thus barred.

Plaintiff's Fifth and Sixth Claims for Relief allege violations of her rights under the First, Eighth, and Fourteenth Amendments through various acts of harassment by Defendants and other unnamed parties during Plaintiff's post-July 26, 2007 incarceration in purported retaliation for her previous report of harassment and cooperation in the corresponding investigation. Plaintiff's Seventh Claim for Relief asserts a state law claim for intentional infliction of emotional distress based on this same alleged pattern of harassment. To the extent that

7

Plaintiff's Fifth through Seventh Claims for Relief are predicated on Plaintiff's allegation that her detention in the Douglas County Jail after July 26, 2007 was unlawful because her sentences in Douglas County Court Case Nos. 05M1867 and 05M1934 had been completed, the Court lacks subject matter jurisdiction over them as a result of Defendants' absolute immunity defense, and they are thus barred. In large part, however, these claims are predicated on allegations regarding events that occurred during Plaintiff's post-July 26, 2007 incarceration at the Douglas County Jail that are independent of any court order directing Defendants' conduct. Accordingly, Plaintiff's Fifth through Seventh Claims for Relief are not entirely barred by Defendants' absolute immunity defense.

Plaintiff's Ninth Claim for Relief asserts a state law claim for conspiracy based on Defendants' actions in detaining Plaintiff after July 26, 2007 and in engaging in an alleged pattern of harassment during her post- July 26, 2007 incarceration in purported retaliation for Plaintiff's previous report of harassment and cooperation in the corresponding investigation. Again then, the Court lacks subject matter jurisdiction over Plaintiff's Ninth Claim for Relief as a result of Defendant's absolute immunity defense and it is barred only to the extent that this claim is predicated on Plaintiff's allegation that her detention in the Douglas County Jail after July 26, 2007 was unlawful. I must therefore consider Defendants' argument that Plaintiffs conspiracy claim fails to state a claim upon which relief may be granted in any event.

**B. Plaintiff's Conspiracy Claim**

Under Colorado law, there are five elements required to establish a civil conspiracy: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result

thereof. *Walker v. Van Laningham,* 148 P.3d 391, 396 (Colo. App. 2006). The agreement necessary to support a conspiracy may not be inferred. *Nelson v. Elway,* 908 P.2d 102, 106 (Colo. 1995).

Plaintiff's surviving conspiracy claim alleges that Defendant Roberson, "John Does 1 to 20," which includes certain identified non-parties to this lawsuit as well as unidentified parties, and "Jane Doe," who is identified in part as "Nurse Red," conspired to derive Plaintiff of her First and Eighth Amendment rights by harassing her after she was returned to the Douglas County Jail in purported retaliation for her previous report of harassment and cooperation in the corresponding investigation. With such limited information regarding even the identities of the alleged participants in the conspiracy, Plaintiff cannot adequately plead the requisite agreement between Defendant Roberson and others to deprive Plaintiff of her constitutional rights. *See also* Scheduling Order, p.3 (Plaintiff's conspiracy claim is "premised on an *implicit* agreement between Roberson and other members of th DCSO to ... harass [Plaintiff] while she remained in custody.") (emphasis added). Plaintiff's surviving conspiracy claim therefore fails to state a claim upon which relief may be granted.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss Complaint [Doc # 11] is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's First, Second, Third, Fourth, Eighth, and Ninth Claims for Relief are DISMISSED WITH PREJUDICE in their entirety;

3. Plaintiff's Fifth, Sixth, and Seventh Claims for Relief are DISMISSED WITH PREJUDICE only to the extent that these claims are predicated on Plaintiff's allegation that her detention in the Douglas County Jail after July 26, 2007 was unlawful because her sentences in Douglas County Court Case Nos. 05M1867 and 05M1934 had been completed.

Dated: February __6__, 2009 in Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE